UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

DANIEL PATRICK LARSON,

               Petitioner,

v.

PATRICK GLEBE,

               Respondent.

C09-1453Z

ORDER

THIS MATTER comes before the Court on respondent's objections, docket no. 21, and petitioner's objections, docket no. 22, to the Report and Recommendation ("R&R") of United States Magistrate Judge Brian A. Tsuchida, docket no. 20. Having reviewed the R&R and the objections thereto, as well as the balance of the record, the Court now enters the following order.

In September 2000, petitioner Daniel Kristopher Larson participated in the murder of Anastasia King, the wife of his landlord, Indle Gifford King, Jr. In exchange for petitioner's agreement to testify against King, who was ultimately convicted of first-degree murder and witness tampering, petitioner was allowed to plead guilty to the lesser offense of second-degree murder. The plea agreement provided *inter alia*:

ORDER - 1

> 6. AGREEMENT NOT TO CHALLENGE CONVICTION: The defendant agrees not to challenge the conviction for this crime, whether by moving to withdraw the plea, appealing the conviction, filing a personal restraint petition, or in any other way. . . .
>
> 7. NON-COMPLIANCE WITH AGREEMENT: If the defendant fails to appear for sentencing, or if prior to sentencing the defendant commits any new offense or violates any condition of release, the State may recommend a more severe sentence.
>
> If the defendant violates any other provision of this agreement, the State may either recommend a more severe sentence, file additional or greater charges, or re-file charges that were dismissed. The defendant waives any objection to the filing of additional or greater charges based on pre-charging or pre-trial delay, statutes of limitations, mandatory joinder requirements, or double jeopardy.
>
> In any event, the defendant will remain bound by the agreement and will not be allowed to withdraw the plea.

Plea Agreement at ¶¶ 6 & 7 (docket no. 13, Exh. 1, CP 80). After sentencing for the second-degree murder conviction, petitioner breached the plea agreement by moving to withdraw his guilty plea. As a result of the breach, the Snohomish County Superior Court ruled that the State could reinstate the original charge of first-degree murder without vacating the second-degree murder conviction. *See* Findings and Conclusions (docket no. 13, Exh. 1, CP 4-6). The Washington Court of Appeals affirmed the decision to permit the State to proceed with prosecution on the first-degree murder charge, <u>State v. Larson</u>, 128 Wn. App. 1071, 2005 WL 1950366, and petitioner did not seek further review.

In 2007, a jury found petitioner guilty of first-degree murder, and petitioner was sentenced to 384 months in the custody of the Washington Department of Corrections. He appealed his conviction on several grounds, including prosecutorial misconduct, improper use at his trial of the testimony he provided in Indle King's trial, and double jeopardy. Petitioner's first-degree murder conviction was affirmed in 2008, <u>State v. Larson</u>, 146 Wn. App. 1021, 2008 WL 2972737, and discretionary review was denied by the Washington Supreme Court in 2009. Petitioner subsequently applied to this Court for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

ORDER - 2

The habeas petition presents four grounds: (1) the State's use of petitioner's prior criminal history violated equal protection; (2) admitting as evidence petitioner's prior statements and testimony was contrary to an alleged grant of immunity; (3) reinstatement of the first-degree murder charge violated double jeopardy; and (4) convicting petitioner was inconsistent with an alleged grant of immunity. For the reasons stated in Magistrate Judge Tsuchida's R&R, the Court DENIES and DISMISSES with prejudice Grounds 1, 2, and 4 of the habeas petition.

With respect to Ground 3 of the petition, Magistrate Judge Tsuchida recommends granting a writ of habeas corpus, vacating petitioner's conviction for second-degree murder, and remanding the matter for resentencing on petitioner's conviction for first-degree murder. In making this recommendation, Magistrate Judge Tsuchida indicates that the Snohomish County Superior Court counted petitioner's conviction for second-degree murder when calculating petitioner's offender score for purposes of sentencing him for the related first-degree murder conviction, and that doing so violated the Double Jeopardy Clause. *See* R&R at 14-15 (docket no. 20). Having reviewed respondent's objections to the R&R, as well as the underlying Judgment and Sentence ("J&S") (docket no. 13, Exh. 18, CP 150-62) and the transcript of the sentencing hearing (docket no. 13, Exh. 17), the Court concludes that Magistrate Judge Tsuchida has erred and that the second-degree murder conviction was not considered in computing petitioner's offender score or in determining the standard range sentence relating to petitioner's first-degree murder conviction.[1] Rather, petitioner's offender score of 6 was based on two juvenile felonies (first-degree child molestation and felony harassment), and four adult felonies (failure to register, second-degree indecent liberties, and two counts of custodial assault). *See* RCW 9.94A.525(9); *see also* RCW 9.94A.030(44)&(53) (2010).

---

[1] In light of this ruling, the Court need not address respondent's additional arguments that petitioner failed to exhaust a "double punishment" challenge to his first-degree murder sentence or that petitioner did not raise such ground in his current habeas petition.

ORDER - 3

The Court also disagrees with Magistrate Judge Tsuchida's opinion that the Double Jeopardy Clause's bar against multiple punishments for the same offense cannot be waived. Citing *Ricketts v. Adamson*, 483 U.S. 1 (1987), the R&R takes the position that, although the State may reinstate a higher charge upon a defendant's post-sentencing breach of a plea agreement, a court may not sentence the defendant on the higher charge without first vacating the conviction on the reduced charge to which the defendant previously pleaded guilty. The Court is not persuaded that *Ricketts* stands for this proposition. In *Ricketts*, the defendant was convicted of first-degree murder and sentenced to death after breaching a plea agreement in accordance with which he had been convicted of second-degree murder. The plea agreement contained no express waiver of double jeopardy protections, but the Supreme Court held that, upon the defendant's breach, the plea agreement permitted the prosecution to pursue the original charge without running afoul of the Double Jeopardy Clause. The *Ricketts* Court reasoned that "an agreement specifying that charges may be *reinstated* given certain circumstances is, at least under the provisions of this plea agreement, *precisely* equivalent to an agreement waiving a double jeopardy defense." 483 U.S. at 10 (emphasis in original).

In this case, petitioner expressly waived his double jeopardy protections, and the Washington Court of Appeals held that, despite the lack of specific colloquy on the issue, petitioner's waiver of such rights was knowing, intelligent, and voluntary. 2005 WL 1950366 at *2-*4. Petitioner did not seek review of that decision, and it constitutes a reasonable application of clearly established Federal law. *See* 28 U.S.C. § 2254(d)(1). Thus, unlike in *Ricketts*, in this case, the Court need not be concerned with inferring a waiver from the language and structure of the plea agreement or with returning the parties to the positions they occupied before executing the plea agreement, *i.e.*, their "*status quo ante*," 483 U.S. at 10. The Court HOLDS that, consistent with *Ricketts* and its progeny, petitioner could and did explicitly waive any double jeopardy defense to the first-degree murder charge,

conviction, and sentence at issue, and to the extent Ground 3 of the habeas petition challenges the first-degree murder charge, conviction, or sentence on double jeopardy grounds, Ground 3 is DENIED in part and DISMISSED in part with prejudice.

To the extent Ground 3 of the habeas petition instead relates to the second-degree murder conviction, the issue is more complex.  The waiver contained in the plea agreement does not specifically address the consequences of the two convictions at issue in the event that petitioner commits another felony and is sentenced for such future offense.  Although the risk of erroneous consideration under current Washington law of petitioner's second-degree murder conviction in calculating his offender score[2] or determining his sentence[3] for a future felony appears low, the Court cannot predict the ways in which Washington law might change or the forum in which petitioner might, if he does, someday reoffend.  Thus, the Court is compelled to analyze whether petitioner has, in this habeas proceeding, challenged his second-degree murder conviction, and whether he may do so.

As an initial matter, the Court liberally construes, as it must, Ground 3 of the habeas petition as asserting a double-jeopardy challenge to petitioner's second-degree murder conviction, separate and apart from any claim that it renders the first-degree murder

---

[2] Under existing Washington law, offenses encompassing the same criminal conduct are counted as one crime. RCW 9.94A.589(1)(a).  "Same criminal conduct" is defined as two or more crimes that require the same criminal intent, are committed at the same time and place, and involve the same victim.  *Id.*  Thus, pursuant to the current sentencing scheme in Washington, in computing petitioner's offender score for purposes of a future offense, the first-degree and second-degree murder convictions would be treated as one crime, and the offense yielding the highest offender score, *i.e.*, the first-degree murder conviction, would be used.  RCW 9.94A.525(5)(a)(i).

[3] Under Washington's present Persistent Offender Accountability Act or "three strikes law," if petitioner is convicted in the future of a most serious offense, for purposes of determining whether he would be treated as a persistent offender and therefore subject to a sentence of life in prison without the possibility of parole, only one of the murder convictions at issue could be considered.  *See* RCW 9.94A.030(36) (2010) (to qualify as a persistent offender, the individual must have been convicted on two previous occasions of a most serious offense, and one of those prior offenses must have been committed after conviction on the other).  Thus, the two murder convictions, which are based on the same offense date, do not themselves qualify petitioner as a persistent offender.

ORDER - 5

conviction invalid.[4] *See Brown v. Roe*, 279 F.3d 742, 745-46 (9th Cir. 2002) (indicating that pro se habeas petitioners "occupy a unique position in the law" and should be afforded "the benefit of any doubt" in construing their claims and arguments); *see also Maleng v. Cook*, 490 U.S. 488, 493-94 (1989). The question now before the Court is whether petitioner may present such ground for habeas relief. For the Court to have jurisdiction over a habeas petition, two "custody" requirements must be satisfied. First, the habeas petitioner must be "under the conviction or sentence under attack at the time his petition is filed." *Bailey v. Hill*, 599 F.3d 976, 978-79 (9th Cir. 2010). This criteria may be met even when the petitioner is not in physical custody if other restraints on liberty exist. *Id.* at 979. Second, the habeas petitioner must show that "he is 'in custody' in violation of the Constitution or other federal laws." *Id.*; *see* 28 U.S.C. § 2254(a).

Respondent contends that petitioner is not "in custody" on the second-degree murder conviction because it merged with the first-degree murder conviction, for which petitioner is serving a 384-month term. Although the Judgment and Sentence indicates only that the sentences merge, J&S at 6 (docket no. 13, Exh. 18, CP 155), the convictions merge by operation of law. RCW 9.94A.525(5)(a); RCW 9.94A.589(1). Thus, this case is similar to *Blair v. Block*, 1991 WL 270791 (9th Cir.), in which the Ninth Circuit held that the petitioner was not "in custody" within the meaning of § 2254. In *Blair*, the petitioner was convicted in California of attempted murder. While his federal habeas petition was pending, the victim died, and in a subsequent trial, the petitioner was convicted of murder by poison and sentenced to death. The attempted murder conviction was not vacated, but the sentence was suspended by operation of California law. *Id.* at *1 (citing Cal. Penal Code § 654). The Ninth Circuit affirmed the district court's conclusion that the petitioner was no longer "in

---

[4] The proper respondent for this claim is Robert M. McKenna, the Attorney General of the State of Washington. *See* Rule 2 Governing § 2254 Cases, advisory committee note (b)(4) (1976). Because petitioner used the standard form of § 2254 petition, the Attorney General has been adequately identified as a respondent. *See Saiyed v. Washington*, 1999 WL 955535 (9th Cir.) (citing *Belgarde v. Montana*, 123 F.3d 1210, 1212 n.2 (9th Cir. 1997)).

ORDER - 6

custody" on his attempted murder conviction because the sentence thereon merged into the death sentence. *Id.* Likewise, in this case, petitioner is not currently under restraint on the second-degree murder conviction because its sentence merged with the sentence for the first-degree murder conviction.

Unlike in *Blair*, which was a capital case, in this case, petitioner might eventually be released after serving his 384-month sentence, and the Court must therefore consider whether the potential future consequences of the second-degree murder conviction render petitioner "in custody" for purposes of § 2254. Generally, when a petitioner suffers no present restraint from a conviction, the mere possibility that the conviction will be used to enhance sentences imposed for any subsequent crimes does not render the petitioner "in custody" on such conviction for purposes of § 2254. *See Maleng*, 490 U.S. at 492. In *Maleng*, the habeas petitioner had been convicted of robbery and had served his sentence, but while on parole, he had been convicted of three state felonies and two federal offenses. The state sentences were imposed in 1978, but were scheduled to commence after expiration of the federal 30-year period of incarceration. While in federal custody, petitioner sought relief under § 2254, challenging the prior robbery conviction, which increased the mandatory minimum term petitioner would have to serve for the new state offenses, on the ground that he was not competent to stand trial for the robbery. The Supreme Court concluded that petitioner could not attack the robbery conviction on the basis of its collateral consequences, but that petitioner could challenge the state sentences already imposed but not yet being served. *Id.* at 492-94. In liberally construing the § 2254 petition as asserting a challenge to the 1978 state sentences, as opposed to the robbery conviction, the Supreme Court was careful to "express no view on the extent to which the [robbery] conviction itself may be subject to challenge in the attack upon the 1978 sentences which it was used to enhance." *Id.* at 494.

In this case, unlike in *Maleng*, petitioner faces no specific future sentence with respect to which the second-degree murder conviction was used to calculate the offender score,

ORDER - 7

determine the length of confinement, or enhance the penalty. Any collateral sentencing consequences of petitioner's second-degree murder conviction are purely speculative and fully within petitioner's control to avoid. <u>See</u> <u>Spencer v. Kemna</u>, 523 U.S. 1, 13-16 (1998) (holding that the collateral consequences of parole revocation, <u>e.g.</u>, use in future sentencings or parole proceedings, or for impeachment purposes, and consideration by prospective employers, did not satisfy the "in custody" requirement of § 2254); <u>Lane v. Williams</u>, 455 U.S. 624, 632 n.13 (1982). Thus, consistent with the reasoning in <u>Maleng</u>, the Court rejects any contention that petitioner is "in custody" on the second-degree murder conviction solely by virtue of the potential collateral sentencing consequences such conviction might carry.[5] Because petitioner is not "in custody" on his second-degree murder conviction, the Court has no authority to vacate the conviction, direct that it be vacated, or otherwise grant habeas relief.[6] The Court therefore ORDERS:

      (1)    The R&R, docket no. 20, is ADOPTED in part, MODIFIED in part, and REJECTED in part, as set forth in this Order;

      (2)    The habeas petition, docket no. 5, is DENIED and DISMISSED with prejudice;

      (3)    For the reasons stated in the Response, docket no. 25, Petitioner's Motion for Order to Issue Public Disclosure at the Public's Expense, docket no. 24, is DENIED;

      (4)    Pursuant to Rule 11 Governing § 2254 Cases, a certificate of appealability is GRANTED in part and DENIED in part. A certificate of appealability may issue only when "the applicant has made a substantial showing of a denial of a constitutional right."

---

[5] Moreover, as previously indicated, under existing Washington law, the second-degree murder conviction would have no bearing on any future sentences for felonies committed in Washington, <u>see</u> <u>supra</u> note 2, and the Court declines to grant habeas relief on the assumption that a future court will disregard the law or abuse its discretion.

[6] This case involves merged sentences, as opposed to concurrent sentences. The rationale permitting habeas review of concurrent sentences does not apply to merged sentences. <u>See</u> <u>Benton v. Maryland</u>, 395 U.S. 784 (1969) (holding that the concurrent sentence doctrine, which precludes consideration of other counts if the defendant was validly convicted on a concurrent count, is not a jurisdictional bar, but rather a rule of judicial convenience).

ORDER - 8

28 U.S.C. § 2253(c)(2).  Petitioner has not made the requisite showing with respect to Grounds 1, 2, and 4.  As to Ground 3, the Court issues a certificate of appealability as to the following issues:  (i) whether and to what extent a criminal defendant may explicitly waive his or her double jeopardy rights; and (ii) whether a habeas petitioner is "in custody" for purposes of § 2254 with respect to a conviction for which the sentence has been merged with a sentence on a higher, related offense; and

(5) The Clerk is further DIRECTED to enter judgment consistent with this Order and to send a copy of this Order to all counsel of record, to petitioner pro se, and to Magistrate Judge Tsuchida.

IT IS SO ORDERED.

DATED THIS 16th day of June, 2010.

_____
Thomas S. Zilly
United States District Judge

ORDER - 9